UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| NORA LEE GILKS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-357-DBH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the commissioner supportably found the plaintiff capable of performing past relevant work as a medical secretary. I recommend that the decision of the commissioner be vacated and the case remanded for further proceedings.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2004, Finding 1, Record at 10; that, through her date last insured, she had severe impairments of asthma and diabetes mellitus, Finding 3, *id.*; that, through her date last insured, she had the residual functional capacity ("RFC") to perform the full range of physical work but was unable to work at heights, on

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 15, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

ladders, or in concentrated exposure to dusts, fumes, odors, "and so forth," Finding 6, *id*. at 12; that, through her date last insured, her RFC did not preclude the performance of past relevant work as a medical secretary, Finding 7, *id*. at 13; and that she, therefore, was not disabled, as defined in the Social Security Act, from October 26, 2003 (her alleged onset date of disability), through her date last insured, Finding 8, *id*. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health*

& *Human Servs*., 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

The plaintiff seeks reversal and remand on the bases that the administrative law judge erred in (i) failing to find that her obsessive compulsive disorder ("OCD"), bipolar disorder, depression, attention deficit disorder, and chronic back pain constituted severe impairments[2] and (ii) rejecting the opinions of longtime treating source Henry H. Atkins, M.D., that she suffered from a disabling combination of mental and physical impairments. *See* Statement of Specific Errors ("Statement of Errors") (Docket No. 12) at 1-8. For the reasons that follow, I conclude, and recommend that the court find, that reversal and remand are required.

At oral argument, counsel for the commissioner contended that (i) the record contains no evidence ascribing work-related functional limitations to any of the impairments in question, as a result of which the plaintiff fell short of meeting her burden of proving any of those impairments severe and, (ii) in any event, the plaintiff fails to articulate how the alleged Step 2 errors are outcome-determinative, as a result of which they must be deemed harmless. *See, e.g., Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010) ("[A]n error

---

[2] The plaintiff also faults the administrative law judge for failing to find a severe impairment of chronic neck pain, *see* Statement of Errors at 1, but fails to follow up with any argument regarding that condition, *see id*. at 4. Hence, that point is waived. *See, e.g., De Araujo v. Gonzáles*, 457 F.3d 146, 153 (1st Cir. 2006) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citation and internal quotation marks omitted).

at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim."). She added that the administrative law judge properly discounted Dr. Atkins' opinions on grounds that they touched on the ultimate question of disability, which is reserved to the commissioner, and were inconsistent with Dr. Atkins' own contemporaneous treatment notes for the period prior to the plaintiff's date last insured. She argued that, to the extent that the administrative law judge omitted functional restrictions allegedly flowing from the plaintiff's physical impairments, his decision turned at least in part on a credibility determination that the plaintiff does not challenge.

Nonetheless, I conclude that, with respect to the plaintiff's mental health impairments as of her date last insured, the administrative law judge impermissibly interpreted raw medical evidence and ignored potentially outcome-determinative functional restrictions, warranting reversal and remand.

In the absence of reliance on an expert's opinion, an administrative law judge, as a layperson, may make a finding of nonseverity at Step 2 only to the extent that such a judgment can be made as a matter of common sense. *See, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (Although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record."); *Stanwood v. Bowen*, 643 F. Supp. 990, 991 (D. Me. 1986) ("Medical factors alone may be used only to screen out applicants whose impairments are so minimal that, as a matter of common sense, they are clearly not disabled from gainful employment. . . . [A]n impairment is to be found not severe only if it has such a minimal effect on the individual's ability to do basic work

activities that it would not be expected to interfere with his ability to do most work.") (citations and internal quotation marks omitted).

As the plaintiff observes, *see* Statement of Errors at 8, the administrative law judge relied on his own interpretation of Dr. Atkins' medical records to assess the severity of her impairments as of her date last insured, *see* Record at 10-11. Apart from Dr. Atkins' opinions that the plaintiff suffered from a disabling combination of conditions and/or had a severely restricted RFC, *see id*. at 432-35, 438-39, 450-51, the record was devoid of any medical expert opinion on the matter.[3]

Three Disability Determination Services ("DDS") nonexamining consultants reviewing the then-available record concluded that there was insufficient evidence to determine whether the plaintiff suffered from a severe mental or physical impairment as of her date last insured. *See id*. at 388, 410, 431. Insofar as appears, none had the benefit of review of Dr. Atkins' records reflecting treatment for the entirety of the period from 1999 through 2004, *see id*. at 400, 422, 431, and two made no notation of review of *any* of Dr. Atkins' opinions, *see id*. at 400, 431. The record does not reflect that any arrangements were made to provide those consultants, or any other DDS consultants, with the full panoply of medical evidence available.

With respect to the plaintiff's claimed mental impairments, the administrative law judge stated:

> [P]rior to the date last insured, the [plaintiff's] mental health diagnoses did not present more than a mild impairment. There are few notations regarding this condition, indicating conditions of not great concern. Those few notations are reflective of mild symptoms. February 23, 2004 the [plaintiff] is noted to have a rash, termed stress related. The doctor noted diagnoses of depression and anxiety, and that she was on medication. March 23, 2004, she was noted to have a normal mental status examination. December 6, 2004, she had normal mood, normal

---

[3] While Dr. Atkins' opinions all were rendered subsequent to the plaintiff's date last insured, he stated in an opinion dated March 7, 2007, that she had been disabled since at least 2004. *See* Record at 438.

5

affect, normal memory and a normal mental status examination. . . . Because the [plaintiff's] medically determinable mental impairments cause no more than 'mild' limitation in any of the first three functional areas and 'no' limitation in the fourth area, they are non-severe.

Record at 11 (citation omitted).

Nonetheless, as the plaintiff points out, *see* Statement of Errors at 2-4, in focusing on portions of three progress notes from 2004, the administrative law judge ignored longitudinal evidence for the period from 1999 through 2004 suggesting that the plaintiff did have one or more mental impairments meeting the *de minimis* definition of "severe" for purposes of Step 2. Dr. Atkins regularly noted during that period that she was anxious, stressed, in part as a result of caring for her elderly mother, distracted, and/or depressed, and prescribed varying medications including Luvox and Prozac, sometimes increasing medication dosages, *see* Record at 170, 469, 474-75, 478-79, 481, 484-90, 492, 495, 497, 534, 537. On March 23, 2004, he described her as "very anxious[.]" *Id*. at 469.

As the plaintiff's counsel observed in response to the argument of counsel for the commissioner, the record is not devoid of translation of the plaintiff's impairments, in particular her mental health impairments, into functional restrictions. In a letter dated August 21, 2006, Dr. Atkins stated, in relevant part:

> I also interact with the [plaintiff] regularly around her mother who is presently in a nursing home and the [plaintiff] has a great deal of difficulty focusing and a great deal of difficulty following through with the issues we have previously discussed about her mother's care.
>
> ∗∗∗
>
> I do not believe the [plaintiff] is able to focus enough or follow through sufficiently to maintain gainful employment and probably meets the criteria for bipolar disorder and, therefore, meets the criteria for disability secondary to her bipolar disorder because of her inability to concentrate and follow through with tasks.

*Id*. at 450-51. In a letter dated November 28, 2006, Dr. Atkins stated:

> [The plaintiff] is unable to focus or follow a conversation. Her OCD is a problem and interferes with her ability to perform day-to-day tasks. She is depressed, lacks motivation, and suffers from fatigue. She has experienced these symptoms as prior records suggest since we first saw her as a patient in 1999; however, her symptoms have worsened in the past 1-2 years.

*Id*. at 439. An inability to focus or follow a conversation seemingly would adversely impact a person's capacity to carry out the "basic mental demands of competitive, remunerative, unskilled work[,]" which include "the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." Social Security Ruling 85-15 ("SSR 85-15"), reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (1992), at 347. Such restrictions presumably also would adversely impact a person's capacity to perform work as a medical secretary. Indeed, the plaintiff testified that she left that job in 1999 because she could not handle "[b]eing accurate and consistent with the flow of work and the change in the work." Record at 28-29.[4]

To the extent that the plaintiff's symptoms worsened two years prior to Dr. Atkins' November 28, 2006, letter, the decline transpired prior to her date last insured. In a subsequent letter, dated March 7, 2007, Dr. Atkins clarified that, in his opinion, the plaintiff had been unable to work "since 2004 and most likely before, as in the diagnosis of psychological disorders it is often difficult to establish a specific date of onset." *Id*. at 438.

The administrative law judge discounted Dr. Atkins' opinion that the plaintiff was unable to work on grounds that the allegation (i) was not supported by objective medical evidence prior

---

[4] No vocational expert was present at the plaintiff's hearing. *See* Record at 25. Thus, the plaintiff's representative did not have an opportunity to cross-examine a vocational expert about the effects of claimed restrictions on her client's capacity to perform particular jobs.

7

to the date last insured, (ii) was inconsistent with the weight of the evidence of record prior to the date last insured, and (iii) reflected the plaintiff's condition in 2007. *See id*. at 12. Even assuming *arguendo* that these constituted good reasons for rejecting the disability opinion, the administrative law judge articulated no good reasons for discounting Dr. Atkins' description of functional limitations flowing from the plaintiff's mental impairments as early as 2004. *See* 20 C.F.R. § 404.1527(d)(2) (commissioner must "always give good reasons in [his] notice of determination or decision for the weight [he] give[s] [a claimant's] treating source's opinion"); *see also, e.g.*, Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2010) ("SSR 96-5p"), at 127 (even as to issues reserved to the commissioner, "the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)"); Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2010) ("SSR 96-8p"), at 150 (an administrative law judge can reject a treating source's opinion as to RFC but "must explain why the opinion was not adopted").

In the circumstances, I conclude that (i) the administrative law judge's Step 2 finding is unsupported by substantial evidence, and (ii) the plaintiff has shown that proper consideration of her alleged mental impairments at Step 2, with the aid of expert review of the full record, could be outcome-determinative. This warrants reversal and remand for further proceedings.[5]

---

[5] As the plaintiff points out, *see* Statement of Errors at 8, the administrative law judge likewise interpreted raw medical evidence to find her back impairment nonsevere as of her date last insured, *see* Record at 11. In this instance, however, the plaintiff falls short of demonstrating reversible error in that she fails to show that the condition imposed RFC limitations that, if taken into account, could have changed the outcome of her case at Step 4. She contends that the administrative law judge improperly rejected a September 11, 2007, physical RFC opinion of Dr. Atkins, *see id*. at 432-35, on the basis that it reflected her condition in 2007 despite Dr. Atkins' clarification that her impairments and corresponding limitations had existed since 2004, *see* Statement of Errors at 8. Nonetheless, Dr. Atkins clarified that the plaintiff's *psychological* disorders had been disabling since 2004. *See* Record at 438. The administrative law judge hence supportably rejected Dr. Atkins' physical RFC opinion on the basis that it reflected her condition in 2007. *See id*. at 11-12.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge